UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING, as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, <br><br> Plaintiff, <br><br> v. <br><br> WARNER CENTER, L.P., <br><br> Defendant. | Civil Action No. 13-1367 (ESH) |

## MEMORANDUM OPINION

Plaintiff Michael R. Fanning, as Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund"), brings this action against defendant Warner Center, L.P., under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (g) & 1145. Before the Court is plaintiff's motion for default judgment, asking the Court to enter judgment in the amount of $4,275.00 and to order defendant to submit to an audit of its payroll records for the period of January 2012 to the present. (Mot. for Default Judgment, Nov. 25, 2013 [ECF No. 7].) For the reasons stated herein, the motion will be granted and a default judgment entered in favor of the Central Pension Fund and against defendant Warner Center, L.P.

## BACKGROUND

The Central Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(1) and 3(37) of ERISA, 29 U.S.C. §§ 1002(1), & (37). (Am. Compl. ¶ 1.)

It "was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust." (*Id.* ¶ 1.) Pursuant to a "Collective Bargaining Agreement with International Union of Operating Engineers Local Union No. 95 and Participating Agreements with the Central Pension Fund," defendant "agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by employees of the defendant performing work covered by the Agreements." (*Id.* ¶¶ 6-7.) "[A]n employer who fails to pay required contributions is liable for liquidated damages in the amount of 20% of the total contributions owed," "interest at the rate of 9% simple interest per annum," and "all attorneys' fees, costs and audit fees." (*Id.* ¶¶ 10-12.)

Defendant self-reported the number of hours worked by its employees with a document known as a "Remittance Report." (Fanning Decl. ¶ 11.) In May 2013, a payroll audit found that for the period of January 2010 through December 2012, defendant had failed to pay all the contributions it owed to the Central Pension Fund. (Am. Compl. ¶ 17.) Based on the audit's findings, plaintiff filed the original complaint in this action on September 10, 2013, seeking to collect unpaid contributions, interest, liquidated damages, audit fees, attorneys' fees and costs.[1] (Compl., Sept. 10, 2013 [ECF No. 1].) (Compl. ¶¶ 15-19.) After the lawsuit was filed, defendant paid $6,841.79 to the Central Pension Fund, which resolved the outstanding contributions, interest and liquidated damages owed, but did not cover the audit fee of $2,200.00 or the attorney's fees and costs expended in bringing the lawsuit. (Fanning Decl. ¶15.)

Plaintiff filed an Amended Complaint on October 14, 2013 (Am. Compl., Oct. 14, 2013 [ECF No. 3]), seeking to recover the audit fee and attorneys' fees and costs. (*Id.* ¶ 20.) In addition, as defendant has failed to submit remittance reports since March 2012, plaintiff seeks

---

[1] Plaintiff is "a designated fiduciary in accordance with the [Agreement] and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21)." (Am. Compl. ¶ 1.)

2

an updated audit of defendant's payroll records from January 2012 to the present, and depending on the results of the audit, unpaid contributions, interest, liquidated damages, attorneys' fees and costs. (*Id.* ¶¶ 14-16, 19, 23, 24.)

The Amended Complaint was served on October 28, 2013, and defendant's answer was due on November 18, 2013. (Aff. of Service, Nov. 6, 2013 [ECF No. 4].) On November 19, 2013, pursuant to Federal Rules of Civil Procedure Rule 55(a), plaintiff requested the Clerk to enter a default against defendant (Aff. for Entry of Default, Nov. 19, 2013 [ECF No. 5]), which the Clerk did on November 20, 2013. (Clerk's Entry of Default, Nov. 20, 2013 [ECF No. 6].) Plaintiff now moves for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).[2] To date, defendant has failed to answer or otherwise defend this action.

## ANALYSIS

The determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). For default judgment, defendant must be considered a "totally unresponsive" party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment. *Gutierrez v. Berg Contracting Inc.*, No. 99-3044, 2000 WL 331721, *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836). Given "the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied.[3] *Id.*

---

[2] Federal Rule of Civil Procedure 55 specifies a two-step process for a party seeking to obtain a default judgment. First, the plaintiff must request that the Clerk of the Court enter a default against the party who has "failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Second, if the plaintiff's claim is not for a "sum certain," the party must apply to the court for an entry of default judgment. Fed. R. Civ. P. 55(b)(2).

[3] The Court has subject matter jurisdiction pursuant to 29 U.S.C. §§ 1132(a)(3), (g), 1145, and personal jurisdiction over the defendant pursuant to 29 U.S.C. § 1132(e)(2). Venue is proper

3

Although the default establishes a defendant's liability for the well-pleaded allegations of the complaint, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiffs: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) liquidated damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action; and (E) such other legal or equitable relief as the court deems appropriate. The Court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002).

Plaintiff has filed the declarations of Michael R. Fanning, on behalf of the Central Pension Fund, and R. Richard Hopp, plaintiff's attorney, in support of the motion for default judgment. Based on these declarations, the Court finds that plaintiff has established that defendant owes $2,200.00 for the unpaid auditor's fee and $2,075.00 in attorney's fees and costs. (Fanning Decl. ¶¶ 15-16; Hopp Decl. ¶¶ 4-5.)

In addition, plaintiff is entitled to the requested injunctive relief. (Am. Compl., Prayer for Relief.) "Equitable relief in this context includes 'an injunction requiring a defendant to permit, and cooperate with, an audit of its books and records.'" *Int'l Painters & Allied Trades Indus. Pension Fund v. ZAK Architectural Metal & Glass LLC*, 635 F. Supp. 2d 21, 26 (D.D.C. 2009) (quoting *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d at 70 (D.D.C. 2002)). Here, equitable relief is warranted because defendant "has demonstrated no willingness to

---

pursuant to 29 U.S.C. § 1132(e)(2).

comply with either its contractual or statutory obligations or to participate in the judicial process." *Id*. (internal quotations omitted).

## **CONCLUSION**

Accordingly, and for the reasons stated above, judgment will be entered for the Central Pension Fund in the amount of $4,275.00 and defendant will be ordered to comply with plaintiff's request for an audit of the time period from January 2012 to the present, and to remit any outstanding contributions discovered as a result of that audit, and pay any late charges, interest and liquidated damages consistent with this Memorandum Opinion as well as the cost of the audit. A separate Order and Judgment accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: November 26, 2013